IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Trovon Keith, | ) | C/A No.: 1:13-2721-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Nancy C. Merchant; Tamara Conwell; | ) | REPORT AND RECOMMENDATION |
| Maria Leggins; Amy Enloe; Ann | ) | |
| Hallman; Captain Miller; William R. | ) | |
| Byars, Jr.; Florence Mauney; Dayne | ) | |
| Haile; and Larry Cartledge, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Trovon Keith, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution by employees of the South Carolina Department of Corrections. [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to defendants Ann Hallman ("Hallman"), Florence Mauney ("Mauney"), and Larry Cartledge ("Cartledge").[1]

---

[1] A separately-docketed order directs service of Plaintiff's claims against the remaining defendants.

I.      Factual and Procedural Background

Plaintiff indicates that he is confined in the Special Management Unit ("SMU") at Perry Correctional Institution ("PCI"). [Entry #1 at 2–3]. Plaintiff claims that defendant Nancy C. Merchant ("Merchant") issued a memorandum on July 1, 2013, indicating that SMU inmates would be issued only two envelopes per month and would not be provided with any additional mailing supplies. *Id.* at 3. Plaintiff alleges that, after issuance of the memorandum, he continued to send mail in blank envelopes; however, "Nancy Merchant sent every last piece of outgoing mail back to me." *Id.* Plaintiff further complains that Merchant refused to allow him to receive records he requested from the Federal Bureau of Investigation. *Id.* at 4. Plaintiff alleges the records contained information needed for research of his religious beliefs. *Id.*

Plaintiff names defendant Tamara Conwell ("Conwell") for refusing to send his outgoing mail after September 17, 2013, *id.* at 6, defendant Captain Miller ("Miller") for refusing to provide Plaintiff with "general mailing supplies," *id.* at 9, and defendants Maria Leggins ("Leggins"), William R. Byars Jr. ("Byars"), and Dayne Haile ("Haile") as the parties responsible for promulgating or changing the Inmate Correspondence Policy, PS.10.08. *Id.* at 7, 10–11. Plaintiff claims that Hallman refused to process his prison grievances concerning the issues raised in this complaint. *Id.* at 8. He alleges that defendant Amy Enloe ("Enloe") denied him medical attention for a skin condition caused by an allergic reaction to soap, and refused to assist him in obtaining a better mattress for his scoliosis. *Id.* at 7–8. Plaintiff claims that Mauney and Cartledge enforced a strip-search policy for SMU inmates that violated his Eighth Amendment right to be free of

cruel and unusual punishment. [Entry #1 at 10–12]. He seeks a permanent injunction against enforcement of the changes to the Inmate Correspondence Policy and monetary damages. *Id.* at 12.

II.     Discussion

A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff provides sufficient factual allegations to withstand summary dismissal against the following defendants concerning his claim that they violated his First Amendment right to freedom of speech by promulgating or enforcing the July 2013 Inmate Correspondence Policy:  Merchant, Conwell, Leggins, Miller, Byars, and Haile.  Plaintiff also provides sufficient factual information to avoid summary dismissal of his claims against Enloe for the alleged deliberate indifference to medical needs.  However, the remaining defendants are entitled to summary dismissal as discussed below.

1.     Fourteenth Amendment Claim

Plaintiff alleges that Hallman refused to accept his Step One grievance in violation of his right to due process under the Fourteenth Amendment.  [Entry #1 at 2, 8–9].  However, a prisoner has no constitutional right to a grievance procedure.  *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Therefore, Hallman is entitled to summary dismissal from this case.

2.        Eighth Amendment Claim

Plaintiff claims that Mauney and Cartledge enforced a strip-search policy for SMU inmates, thus violating his Eighth Amendment right to be free of cruel and unusual punishment. [Entry #1 at 10–12]. Plaintiff further claims the strip-search requirement constitutes sexual harassment. *Id.* at 2. This is the second § 1983 complaint filed by Plaintiff in this court against Mauney and Cartledge alleging sexual harassment and constitutional violations associated with the SMU strip-search policy. *See Keith v. Cartledge*, C/A No. 1:13-1131-RMG-SVH (D.S.C. Apr. 26, 2013) [Entry #17-1 at 10]. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records). Because the instant complaint's allegations against Mauney and Cartledge are being addressed by this court in Plaintiff's pending § 1983 action, these duplicate claims should be summarily dismissed in the interests of judicial economy and efficiency.[2] *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

---

[2] To the extent Plaintiff is alleging a violation of his constitutional rights by Byars for enforcing the SMU strip-search policy, such a claim is likewise subject to summary dismissal because Byars is also a named defendant in Plaintiff's pending civil rights case.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process as to defendants Hallman, Mauney, and Cartledge.

IT IS SO RECOMMENDED.

October 30, 2013                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).