IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Trovon Keith, | ) | C/A No.: 1:13-2721-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Nancy C. Merchant; Tamara Conwell; | ) | |
| Maria Leggins; Amy Enloe; Captain | ) | |
| Miller; William R. Byars, Jr.; and Dayne | ) | |
| Haile, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Trovon Keith ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by employees of the South Carolina Department of Corrections (collectively "Defendants"). This matter comes before the court on Plaintiff's motion for a preliminary injunction/transfer [Entry #2] and motion for a temporary restraining order ("TRO motion") [Entry #26].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions request injunctive relief, they are dispositive, and this Report and Recommendation is entered for the district judge's consideration.

I.    Factual and Procedural Background

Plaintiff's motion for preliminary injunction/transfer, filed with the complaint in this case, identifies Nancy C. Merchant as the postal director at Perry Correctional

Institution ("PCI") and Tamara Conwell as Merchant's assistant or designee. [Entry #2 at 1]. Plaintiff alleges that Merchant and Conwell "control, handle, process, and review all [of Plaintiff's] incoming and outgoing mail." *Id.* Plaintiff claims that Merchant and Conwell have tampered with his mail by opening and reading legal mail outside of his presence. *Id.* Plaintiff asserts that he has filed complaints about this alleged behavior, but they "continue to retaliate." *Id.* Plaintiff alleges that Merchant and Conwell have told him and other employees that they will make sure none of his "outgoing mail addressed to the court leaves the institution [and,] it will go in the trash can." *Id.* at 2. Plaintiff states that Dayne Haile and Maria Leggins supervise Merchant and Conwell. *Id.* Plaintiff seeks a transfer to another prison to prevent Merchant and Conwell from retaliating against him. *Id.* at 1–2. On October 30, 2013, the court issued an order directing service of the motion for preliminary injunction on Defendants. [Entry #9]. Defendants filed a response in opposition to Plaintiff's motion for a preliminary injunction on November 26, 2013. [Entry #21].

Plaintiff's TRO motion alleges that Merchant and Conwell "are in charge of handling all transactions concerning sending money from [Plaintiff's] account outside the institution." [Entry #26 at 1]. Plaintiff asserts that he submitted a withdrawal form to Conwell on September 23, 2013, authorizing a release of funds in the amount of $14.22 for the payment of an initial installment of the filing fee in this action. *Id.* Plaintiff alleges that Conwell did not send Plaintiff's withdrawal form to the accounting branch in an effort to "make sure that this case does not get filed." *Id.* at 2. Plaintiff further asserts that Conwell and Merchant "have already thrown some of my outgoing legal mail in the

2

trash," and that he has missed one of his deadlines for filing documents in a pending legal action. *Id.* at 2–3. However, Plaintiff states that the court granted Plaintiff an extension in the pending case to file the allegedly destroyed legal document. *Id.* at 3.[3] Plaintiff claims Merchant and Conwell throw away letters he has to his family, and "are in a position where they can easily cause [Plaintiff] to miss [court] deadlines" and/or "take [Plaintiff's] money." *Id.* at 3. Plaintiff further asserts harassment by co-workers of Merchant and Conwell, and claims his life is in danger. *Id.* at 5. Plaintiff seeks "a separation from defendants" or transfer "to another institution to avoid these women from causing me harm." *Id.* at 4–5.

II.    Discussion

   A.    Standard of Review

A party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th

---

[3]    The court's docket reflects the entry of an order on October 1, 2013, allowing Plaintiff an extension of time to file objections to a report and recommendation issued in a pending case. Plaintiff filed an objection within the extended time frame. *See Trovon Acquarius Keith v. Larry Cartledge*, C/A No. 1:13-1131-RMG-SVH (D.S.C. April 26, 2013) ("*Keith I*") at [Entry #71; Entry #76].

3

Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

      B.     Analysis

    First, Plaintiff has not demonstrated a clear likelihood of success on the merits of his motions. Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se pleading, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v.*

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

*Twombly*, 550 U.S. 544, 555 (2007).  Rather, the pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the pleading's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678-79.  Plaintiff's motion for preliminary injunction and TRO provide no factual support for his conclusory allegations that Merchant and Conwell are interfering with his legal mail and/or improperly handling his money.  Further, there is no constitutional right for a prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution.  *See Olim v. Wakinekona*, 461 U.S. 238 (1983).  Therefore, Plaintiff has no protected liberty interest in his requested relief of a transfer to another institution.

Next, Plaintiff has also failed to make a clear showing that he will suffer irreparable harm if he is not transferred.  Plainitff's motions for preliminary injunction and TRO assert that, if relief is not granted, his pending court actions could be negatively impacted. However, Plaintiff's allegations rest on mere speculation or conjecture, as he fails to demonstrate any imminent threat to his safety or prejudice to his pending legal actions resulting from Defendants' alleged tampering with legal mail or improper use of prison funds.[4]  *See Winter*, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) ("Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations.").

---

[4]  A review of the court's docket reflects the filing of numerous documents by Plaintiff in the instant action and *Keith I*.

Finally, Plaintiff fails to meet his burden of proving that the balance of equities tips in his favor, and he fails to show how the public interest would be served by the issuance of a preliminary injunction or TRO.  As Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Plaintiff's motions for preliminary injunction and TRO should be denied.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's motion for preliminary injunction [Entry #2] and TRO motion [Entry #26].

IT IS SO RECOMMENDED.

*Shivia V. Hodges*

December 30, 2013                             Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).