IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Keith, | Civil Action No: 1:13-2721-RMG |
| Plaintiff | **ORDER** |
| v. | |
| Nancy C. Merchant; Tamara Conwell | |
| Maria Leggins; Amy Enloe; Captain Miller; | |
| William R. Byars, Jr.; and Dayne Haile, | |
| Defendants | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court deny Plaintiff's motions for preliminary injunction and temporary restraining order. (Dkt. No. 35). For the reasons set forth below, the Court agrees with and ADOPTS the R & R as the order of the Court. Accordingly, Plaintiff's Motion for Preliminary Injunction/Transfer (Dkt. No. 2) and Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 26) are DENIED.

### Background

Plaintiff, Trovon Keith, is a prisoner at Perry Correctional Institution ("PCI"). He filed this § 1983 suit alleging a violation of his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution by employees of the South Carolina Department of Corrections. (Dkt. No. 1 at 2). In his motion for preliminary injunction, Plaintiff claims that Defendants Merchant and Conwell have tampered with his mail and seeks a transfer to another prison to prevent Merchant and Conwell from retaliating against him. (Dkt. No. 2 at 1-2). In his motion for a temporary restraining order, Plaintiff claims that Defendants Merchant and Conwell process his requests to send money from his account, that Conwell did not process his request to

1

release the first installment of the filing fee for this action and that Conwell and Merchant have thrown away some of his outgoing mail. (Dkt. No. 26). The Magistrate Judge recommended that both motions be denied because Plaintiff did not establish any of the *Winter* factors. (Dkt. No. 35). Plaintiff filed objections, claiming that he has shown a clear likelihood of success and that public interest is served by a preliminary injunction because he is "placed at risk of irreparable emotional damage." (Dkt No. 47 at 1, 3).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

The Court agrees with the Magistrate Judge that Plaintiff has failed to establish each of the four *Winter* factors. "A plaintiff seeking a preliminary injunction must establish that he is

likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest*." Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). With regard to the merits, Plaintiff's motions simply provide no factual support for his speculation and conclusory allegations that Merchant and Conwell are interfering with his legal mail and/or improperly handling his money. As the Magistrate Judge points out, both in this case and in *Keith v. Larry Cartledge*, No. 1:13-cv-1131-RMG-SVH, Plaintiff has made multiple court filings, suggesting that Defendants are not holding or throwing away his outgoing mail. Furthermore, it is well-settled that a prisoner has no due process right to be housed in the facility of his choice and that liberty interests are not implicated by transfers between prisons. *See Olim v. Wakineknoa*, 461 U.S. 238, 244, 248 (1983). Thus, Plaintiff does not demonstrate a likelihood of success on the merits of his claim for injunctive relief, which seeks a transfer to another correctional facility. *Dalton v. W.Va. Div. of Corr.*, 2009 WL 550178 at *1 (4th Cir. Mar. 5, 2009) (Slip opinion).

Similarly, Plaintiff has failed to show that he will suffer irreparable harm. Plaintiff claims that he is "placed at risk of irreparable emotional damage" because he "cannot communicate with his family as much as he needs to." (Dkt. No. 47 at 3). However, such speculative claims of harm are insufficient. Plaintiff must show that harm is not only possible, but *likely*. *Winter*, 555 U.S. at 23. Speculation that Plaintiff's legal actions may be affected or that he may not be able to communication with family is simply insufficient. *See, e.g., Glazebrook v. Muncy*, 200 F.2d 251 (table), 1990 WL 34237 at *1 (4th Cir. 1990) ("The district court was within its discretion in refusing to interfere with prison transfer policy based on Glazebrook's speculative assumption that his transfer would result in further abuse or would hinder his access to legal materials.").

3

Finally, Plaintiff has not shown that the public interest would be served by a preliminary

injunction or that the balance of equities tips in his favor.  As the Fourth Circuit explained:

> The realities of running a penal institution are complex and unique to the prison
> environment. Federal courts have traditionally been reluctant to interfere in the
> problems of prison administration. Indeed, the decisions made by prison
> administrators in their informed discretion have been accorded "wide-ranging
> deference" by the federal courts.
> . . .
> Furthermore, federal courts have an additional reason to show deference to the
> decisions of prison authorities, where a state penal institution is involved.
> Procunier v. Martinez, *supra*.
>
> The possible injury to the defendant-appellants if the preliminary injunction
> stands is potentially grave. The informed discretion of these penological experts
> could be radically limited with respect to inmate transfers specifically and, more
> importantly, with respect to prison discipline in general.

*Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (overturning preliminary injunction

requiring a prisoner transfer).

The Court finds that Plaintiff has not established any of the *Winter* factors.  Therefore,

the Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 35) as the order of the Court.

Accordingly, Plaintiff's Motion for Preliminary Injunction/Transfer (Dkt. No. 2) and Plaintiff's

Motion for a Temporary Restraining Order (Dkt. No. 26) are **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 4/, 2014
Charleston, South Carolina