IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Keith, ) | C/A No.: 1:13-2721-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Nancy C. Merchant; Tamara Conwell; ) | |
| Maria Leggins; Amy Enloe; Captain ) | |
| Miller; William R. Byars, Jr.; and Dayne ) | |
| Haile, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Trovon Keith ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by employees of the South Carolina Department of Corrections (collectively "Defendants"). This matter comes before the court on the following motions: (1) Plaintiff's motion to amend [Entry #38]; (2) Plaintiff's motions for an extension [Entry #41, #46, #51]; (3) Plaintiff's motion to compel [Entry #48]; and (4) Plaintiff's motion for a protective order [Entry #50].

I.      Plaintiff's Motion to Amend

Plaintiff moves to amend his complaint to add Captain Rhonda Abston and Warden Larry Cartledge as defendants. Plaintiff alleges that Abston and Cartledge have denied him the right to purchase blank envelopes. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has

been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Plaintiff's allegations against Cartledge appear to be essentially claims of supervisory liability that have previously been dismissed by this court. *See* Entry #17. Plaintiff's allegations against Abston are related to her alleged failure to provide him with requested mail supplies and are virtually identical to his claims against Defendants. Therefore, Plaintiff's motion to amend is granted to the extent it seeks to add Abston as a defendant, but denied to the extent that he attempts to sue Cartledge.

The Clerk of Court is directed to include a blank summons and Form USM-285 for Plaintiff to complete as to Abston. Plaintiff must provide, and is responsible for, information sufficient to identify Abston on the Form USM-285 and the summons. The United States Marshal cannot serve an inadequately identified defendant, and unserved defendants may be dismissed as parties to this case. To the extent that counsel for Defendants may be willing to accept service of the summons and complaint on Abston's behalf, counsel is directed to so advise by filing a notice on the docket by February 28, 2014.

II.     Plaintiff's motions for an extension

Plaintiff filed three motions requesting extensions to the discovery deadline. [Entry #41, #46, and #51]. Defendants have not opposed the motions for extensions. The undersigned grants the motions for an extension to the discovery deadline and will issue an amended scheduling order.

To the extent Plaintiff seeks subpoenas through his motion [Entry #46], he has failed to show why he needs the requested subpoenas. Additionally, he has failed to submit the necessary fees, such as copy costs and witness fees. There is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (holding that 28 U.S.C. § 1915(c) does not require government payment of fees and costs for indigent plaintiffs in § 1983 suits); *Johnson v. Hubbard*, 698 F.2d 286, 288–91 & nn. 2–5 (6th Cir. 1983) (lower courts have no duty to pay fees to secure depositions in civil, non-habeas corpus cases), *cert. denied*, 464 U.S. 917 (1983).

III.   Plaintiff's motion to compel

On February 3, 2014, Plaintiff filed a motion to compel responses to discovery he served on Defendants in December 2013. [Entry #48]. On February 11, 2014, Defendants filed a response indicating that they served responses to Plaintiff's discovery requests on February 6, 2014. [Entry #52]. As Defendants have now responded to the discovery requests, Plaintiff's motion is now moot.

IV.   Plaintiff's motion for a protective order

In his motion for a protective order, Plaintiff seeks the court's intervention related to various conditions of confinement, including cold meals and being forced to use the same restraints as sick inmates. [Entry #50]. Plaintiff also complains that Defendants have not responded to his discovery, but Defendants have since filed a response

3

indicating that the discovery requests have now been served. [Entry #52]. Plaintiff's motion for a protective order is denied, as it states complaints about conditions of confinement that are unrelated to the instant action.

V.  Conclusion

For the foregoing reasons, the undersigned rules as follows: (1) Plaintiff's motion to amend is granted as to Captain Abston, but denied as to Warden Cartledge [Entry #38]; (2) Plaintiff's motions for extensions are granted [Entry #41, #46, and #51]; (3) Plaintiff's motion to compel is denied as moot [Entry #48]; and (4) Plaintiff's motion for a protective order is denied [Entry #50].

IT IS SO ORDERED.

February 20, 2014                                  Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

4