IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Trovon Keith, | ) | C/A No.: 1:13-2721-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Nancy C. Merchant; Tamara Conwell; | ) | ORDER |
| Maria Leggins; Amy Enloe; Captain | ) | |
| Miller; William R. Byars, Jr.; Dayne | ) | |
| Haile; and Captain Rhonda Abston, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Trovon Keith, proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on the following motions: (1) Plaintiff's motion for lie detector test [Entry #61]; (2) Plaintiff's motion for mental exam and blood test [Entry #62]; and (3) Plaintiff's motion to compel [Entry #71]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.    Motion for Lie Detector Test

Plaintiff asks the court to order defendants Merchant, Conwell, Miller, Haile, Enloe, Leggins, and Byars ("Defendants") to submit to a lie detector test. [Entry #61]. Plaintiff contends that he served discovery requests asking if Defendants were willing to take a lie detector test to show they answered the discovery requests honestly, and Defendants objected to this question as irrelevant. *Id.* at 1. Plaintiff argues that

Defendants' refusal to take a lie detector test shows that they lied and contends that these tests will not cost any money, as South Carolina Department of Corrections ("SCDC") already has the equipment. *Id.* at 2. Plaintiff fails to cite any authority from the Federal Rules of Civil Procedure or otherwise that would support his request. Therefore, the court denies Plaintiff's motion to force Defendants to submit to a lie detector test.

II.     Motion for Mental Exam and Blood Test

Plaintiff seeks an order requiring defendants Merchant and Miller to submit to mental evaluations and blood tests. [Entry #62]. Plaintiff argues that because Merchant and Miller claimed they did not understand some of his discovery requests, they must have a mental disorder and are incompetent. *Id.* at 1–2. Defendants argue Plaintiff has not shown good cause to require Merchant and Miller to submit to a mental exam or blood test, as required by Fed. R. Civ. P. 35. [Entry #70].

The court finds that Plaintiff has failed to establish good cause for the requested examinations because Merchant's and Miller's mental conditions are not issues in the underlying case. In addition, the undersigned has reviewed Merchant's and Miller's responses to Plaintiff's interrogatories and finds that they do not support Plaintiff's allegations that they are incompetent or suffering from a mental disorder. The court denies Plaintiff's motion for mental exam and blood test [Entry #62].

III.    Motion to Compel

Plaintiff seeks an order compelling Defendants to fully respond to his interrogatories and requests for production. [Entry #71]. Defendants oppose Plaintiff's motion, arguing that they have responded in good faith to Plaintiff's discovery requests,

2

and their responses were appropriate under the Federal Rules of Civil Procedure. [Entry #74].

A party may move to compel if he believes the opposing party has provided incomplete or evasive discovery responses. Fed. R. Civ. P. 37. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir. 1995) (holding the "Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (holding "[a] motion to compel discovery is addressed to the sound discretion of the district court.").

Plaintiff provides no argument as to why Defendants' objections to his discovery requests are invalid. Instead, Plaintiff generally argues that he needs the information to present to a jury. [Entry #71]. The undersigned has reviewed the responses and objections at issue and finds them to be well-founded. For instance, Defendants objected to Plaintiff's interrogatories inquiring about their willingness to take a lie detector test. For the reasons outlined above, such objections are sustained. Additionally, many of Plaintiff's interrogatories ask for legal conclusions or are otherwise irrelevant. [Entry #71-1] (Leggins Int. 10: "Did you realize paralegals are classified the same as attorneys?"; Merchant Int. 19: "Are you aware it's not your duty to call federal agency about what to send to a prisoner?"; Merchant Int. 20: "Does your boss know you contacted federal agency and told them not to respond to inmate's FOIA request?";

Merchant Int. 21: "Are you aware that Keith has same constitutional rights as every citizen?"; Conwell Int. 8: "Why did your attorney say you deny allegations in complaint?"). Plaintiff fails to provide any argument showing these interrogatories are likely to lead to the discovery of admissible evidence.

Other interrogatories are objectionable because they are overly vague, unclear, or ambiguous. *Id*. (Miller Int. 9: "Do you have evidence that Keith is responsible for incidents that took place over the last 13 months?"; Conwell Int. 15: "Did you receive information from inmates house in Delta Dorm that moved to lockup at Perry Correctional Institution?"; Conwell Int. 16: " Did you receive information from any inmate while part of Delta Dorm?"). Plaintiff provides no argument as to why Leggins' direct responses to interrogatories 8 and 15 are insufficient.

Plaintiff also moves to compel full responses to his requests for production. [Entry #71-1 at 11–13]. Each of Plaintiff's requests for production is compound and contains multiple requests for several categories of documents. *Id*. In response, Defendants generally objected to most of the categories of documents, but subject to their objections, produced responsive documents. Given the general nature of both Plaintiff's requests for production and Defendants' responses, the undersigned is unable to evaluate the responses. Plaintiff has failed to provide specific arguments as to why he is entitled to any documents that were not produced. For the foregoing reasons, Plaintiff's motion to compel is denied.

IV.     Conclusion

For the foregoing reasons, the court denies (1) Plaintiff's motion for a lie detector test [Entry #61]; (2) Plaintiff's motion for a mental exam and blood test [Entry #62]; and (3) Plaintiff's motion to compel [Entry #71].

IT IS SO ORDERED.

*Shiva V. Hodges*

June 6, 2014                                          Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge