IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Keith, ) | C/A No.: 1:13-2721-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Nancy C. Merchant; Tamara Conwell; ) | REPORT AND RECOMMENDATION |
| Maria Leggins; Amy Enloe; Captain ) | |
| Miller; William R. Byars Jr.; Dayne ) | |
| Haile; and Captain Rhonda Abston, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Trovon Keith, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Perry Correctional Institution ("PCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff sues the following current or former SCDC employees: Nancy C. Merchant, Tamara Conwell, Maria Leggins, Amy Enloe, Captain Miller, William R. Byars, Jr., Dayne Haile, and Captain Rhonda Abston ("Defendants"). This matter comes before the court on Plaintiff's motion for a preliminary injunction. [Entry #78].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because this motion is dispositive, this Report and Recommendation is entered for the district judge's consideration.

Plaintiff's motion for a preliminary injunction asks the court to order PCI

employees to timely process his requests for law books, legal supplies, and copies. [Entry #78 at 1, 6]. Plaintiff also requests that he be transferred to another facility. *Id.* at 6. Defendants oppose Plaintiff's motion, arguing he has failed to show he is entitled to preliminary injunctive relief. [Entry #84].

I.     Preliminary Injunction

A party seeking a preliminary injunction must establish the following four elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347.[2] Only then may the court consider whether the balance of equities tips

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a

in the party's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

The undersigned finds that Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction. Plaintiff has not demonstrated a clear likelihood of success on the merits of his motion, as he provides no factual support for his conclusory allegations that SCDC personnel are not timely responding to his requests for law books, legal supplies, and copies. Plaintiff has also failed to make a clear showing that he will likely suffer irreparable harm. Although he alleges he was unable to object to the Report and Recommendation filed in C.A. No. 1:14-36-RMG-SVH (*Keith I*") because of his lack of legal materials, he fails to show that he was prevented from litigating a non-frivolous claim. Although three defendants were dismissed in *Keith I*, Plaintiff provides no information showing that access to legal materials would have prevented their dismissal. The undersigned has reviewed *Keith I* and is unaware of any legal authority that Plaintiff could have provided to prevent the dismissal, because the claims against the three defendants had no legal merit. Plaintiff also argued that he would miss the dispositive motions deadline in the instant case, but the undersigned granted Plaintiff's motion for an extension until June 30, 2014. [Entry #84]. Plaintiff has, therefore, failed to demonstrate prejudice to his pending legal actions resulting from Defendants' alleged failure to timely provide legal supplies and copies. *See Winter*, 555

---

strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm.  *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20−22.

U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief).

Even if Plaintiff could establish clear likelihood of success on the merits or that he is likely to be irreparably harmed absent injunctive relief, he has not shown that the balance of harm, assuming any, tips in his favor. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave."). The Supreme Court has repeatedly stressed the need to provide wide-ranging deference to prison administrators in matters of prison management. *See Beard v. Banks*, 548 U.S. 521, 528 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 131–32 (2003). Finally, Plaintiff fails to show how the public interest would be served by the issuance of a preliminary injunction. As Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Plaintiff's motion for preliminary injunction should be denied.

II.     Transfer to Another Facility

Plaintiff also fails to show that he is entitled to a transfer to another facility. The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016–17 (4th Cir. 1984). There is no constitutional right for a state or

federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 223–24 (1976); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's motion for preliminary injunction [Entry #78].

IT IS SO RECOMMENDED.

June 6, 2014                                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).