IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Keith, | )<br>)<br>) No: 1:13-cv-2721-RMG-SVH<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|     Plaintiff | |
| v. | |
| Nancy C. Merchant; Tamara Conwell<br>Maria Leggins; Amy Enloe; Captain Miller;<br>William R. Byars, Jr.; and Dayne Haile, | |
|     Defendants | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), Dkt. No. 87, recommending that the Court deny Plaintiff's Motion for Preliminary Injunction. For the reasons set forth below, the Court agrees with and ADOPTS the R & R. Accordingly, Plaintiff's Motion for Preliminary Injunction (Dkt. No. 78) is DENIED.

## I. Background

Plaintiff, Trovon Keith, is a prisoner at Perry Correctional Institution ("PCI"). He filed this § 1983 suit alleging a violation of his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution by employees of the South Carolina Department of Corrections. (Dkt. No. 1 at 2). In his motion for preliminary injunction, Plaintiff claims that Officer Murck (not a party to this action) is "hindering plaintiff's litigation/progress by taking so long to bring requested law books" and that this impedes his access to the courts. (Dkt. No. 78 at 1). Specifically, Plaintiff states that it takes 2-3 weeks to obtain law books after he requests them, and that requests for copies are returned in 4-6 days. (*Id.*) Plaintiff requests that the court enter an injunction ordering that he receive legal supplies/materials, law books, and legal copies

1

in a reasonable time frame and be transferred to a different facility to prevent retaliation against him. (*Id.* at 6, 7).

The Magistrate Judge recommended denying the motion because Plaintiff has not established the four *Winter* factors. (Dkt. No. 87). Plaintiff filed objections claiming that it is impossible for him to obtain the evidenced needed to justify his motion for preliminary injunction because he is housed in solitary confinement. (Dkt No. 98).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

## III. Discussion

The Court agrees with the Magistrate Judge that Plaintiff has failed to establish each of the four *Winter* factors. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Turning to Plaintiff's request regarding legal supplies, the record reflects that Plaintiff has been receiving law books, the copies he has requested and supplies to prosecute his legal

2

actions. (*See* Dkt. No. 84-1). To the extent that there has been any delay in receiving these supplies, Plaintiff has not shown irreparable harm. The Court has liberally granted Plaintiff's requests for extensions when he claims he needs more time to obtain law books, etc. (*See* Dkt. Nos. 32, 44, 56, 82, 91; *see also Keith v. Cartledge*, Case No. 1:13-cv-1131, Dkt. Nos. 71, 102, 105, 111). The undersigned also agrees with the Magistrate Judge that Plaintiff has failed to show that having materials more quickly would have prevented the dismissal of three defendants in *Keith v. Degeorgis*, 1:14-cv-0036. Having failed to establish the likelihood of irreparable harm, Plaintiff's motion for a preliminary injunction must be denied.

Turning to Plaintiff's request for transfer, it is well-settled that a prisoner has no due process right to be housed in the facility of his choice and that liberty interests are not implicated by transfers between prisons. *See Olim v. Wakineknoa*, 461 U.S. 238, 244, 248 (1983). Thus, Plaintiff does not demonstrate a likelihood of success on the merits of his claim for injunctive relief that seeks a transfer to another correctional facility. *Dalton v. W.Va. Div. of Corr.*, 2009 WL 550178 at *1 (4th Cir. Mar. 5, 2009) (Slip opinion).

Furthermore, Plaintiff has not shown that the public interest would be served by a preliminary injunction or that the balance of equities tips in his favor. As the Fourth Circuit explained:

> The realities of running a penal institution are complex and unique to the prison environment. Federal courts have traditionally been reluctant to interfere in the problems of prison administration. Indeed, the decisions made by prison administrators in their informed discretion have been accorded "wide-ranging deference" by the federal courts.
>
> . . .
>
> Furthermore, federal courts have an additional reason to show deference to the decisions of prison authorities, where a state penal institution is involved. Procunier v. Martinez, *supra*.
>
> The possible injury to the defendant-appellants if the preliminary injunction stands is potentially grave. The informed discretion of these penological experts

3

could be radically limited with respect to inmate transfers specifically and, more importantly, with respect to prison discipline in general.

*Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (overturning preliminary injunction requiring a prisoner transfer). Because Plaintiff has not established all of the *Winter* factors, his motion for preliminary injunction must be denied.

## IV. Conclusion

For the reasons stated above the Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 87) and **DENIES** Plaintiff's Motion for Preliminary Injunction (Dkt. No. 78).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 21, 2014
Charleston, South Carolina

4